```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GENTILE CONCRETE CO. INC., | |
| Plaintiff, | No. 1:21-cv-20515-NLH-MJS |
| v. | |
| L&L REDI-MIX, INC., | OPINION & ORDER |
| Defendant. | |

**APPEARANCES**:

JOSEPH SINE and ANTHONY L. BYLER
COHEN SEGLIAS PALLAS GREENHALL & FURMAN, PC
1600 MARKET STREET
32nd FLOOR
PHILADELPHIA, PA 19103

*Attorneys for Plaintiff Gentile Concrete Co. Inc.*

GREGORY W. BOYLE
RONAN, TUZZIO & GIANNONE ESQS.
ONE HOVCHILD PLAZA
4000 ROUTE 66
TINTON FALLS, NJ 07753

*Attorneys for Defendant L&L Redi-Mix, Inc.*

**HILLMAN**, District Judge

This matter comes before the Court on Plaintiff, Gentile Concrete Co. Inc.'s ("Gentile" or Plaintiff) unopposed request to the Clerk of the Court for default judgment against Defendant, L&L Redi-Mix, Inc. ("L&L" or Defendant), pursuant to Federal Rule Civil Procedure 55(b)(1). (Request for Default

Judgment, Docket Number 8). For the reasons that follow, the Clerk will be directed to deny as the Plaintiff will be directed to file a motion for default judgment pursuant to Federal Rule Civil Procedure 55(b)(2).[1]

On December 15, 2021, Plaintiff filed the instant lawsuit against L&L for breach of contract. (Complaint, Dkt. No. 1). Gentile notes, "[t]his action arises out of L&L's failure to provide ready-mix concrete . . . that met the design strength requirements for the construction project known generally as the West Electrical Plant Auxiliary Building Project." (Affidavit of Joseph L. Sine ("Sine Affidavit"), Dkt. No. 8-1, ¶4). The Complaint asserts three causes of action: Count I, breach of contract; Count II, breach of express warranty; and Count III, breach of the implied warranty of fitness for a particular purpose. Gentile claims it incurred costs of $233,385.18 to remediate the deficient concrete L&L supplied to the Project, thus Plaintiff's Complaint alleges damages in excess of that amount. (Complaint, Dkt. No. 1, at ¶¶26-48).

On December 29, 2021, Plaintiff filed an affidavit of service, noting that Defendant was served with Summons and the

---

[1] The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332(a), diversity of citizenship. Plaintiff is a citizen of the Commonwealth of Pennsylvania and defendant is a citizen of New Jersey. (Complaint, Dkt. No. 1, ¶¶1-2). The amount in controversy exceeds the jurisdictional limit exclusive of interest and costs. (*Id.* at ¶¶3, 35, 42, and 48).

Complaint on December 17, 2021. (Affidavit of Service, Dkt. No. 6). To date, Defendant has failed to answer or otherwise respond to the Complaint.[2] On January 11, 2022, Plaintiff requested that the Clerk of the Court enter default against Defendant, under Federal Rule of Civil Procedure 55(a). (Request for Default, Dkt. No. 7). The Clerk entered default against Defendant on January 12, 2022.

On January 17, 2022, Plaintiff filed the present request for default judgment. (Request for Default Judgment, Dkt. No. 8). Plaintiff's request for default judgment notes that "L&L has not made any payment to Gentile on account of any portion of the amount set forth in Gentile's Complaint and, accordingly, the entire sum certain of $233,385.18, plus interest and costs remains due and owing to L&L [sic]." (Sine Cert., at ¶7). Plaintiff further notes that Defendant is neither a minor, an incompetent person, and is not presently in the military service of the United States or its allies. (*Id.* at ¶¶9-10).

Rule 55 of the Federal Rules of Civil Procedure provides that, after the Clerk of the Court enters default against a party, default judgment may be issued:

> [i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the

---

[2] Counsel for Defendant entered his appearance on January 21, 2022. (Notice of Appearance, Dkt. No. 9).

>           amount due—must enter judgment for that
>           amount and costs against a defendant who has
>           been defaulted for not appearing and who is
>           neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).  However, if plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  In the latter case, the court may conduct hearings to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter."  Fed. R. Civ. P. 55(b)(2)(A)-(D).  Essentially, regardless of whether the Plaintiff moves before the court or request default judgment from the Clerk of the Court, such relief requires a showing that the Plaintiff is entitled to the requested damages.

"The district court has considerable latitude in determining the amount of damages ... However, the court [must] 'ensure[] that there is a basis for the damages specified in the default judgment.'"  *Teamsters Health & Welfare Fund of Philadelphia and Vicinity v. H.P. Kanady, Inc.*, No. 12-1470 (JHR), 2012 WL 3185952 (D.N.J. Aug. 2, 2012).  While Defendant is deemed to have admitted the factual allegations of the complaint by virtue of its default, this does not apply to those factual allegations related to the amount of damages.  *See* 10A

4

Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 (4th ed. 2021). Plaintiffs are "not automatically entitled to the damages they originally demanded" in the complaint, rather, a plaintiff is "required to prove that he or she is entitled to the damages sought." *See, e.g., Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724 (3d Cir. 2009) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *DIRECTV Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *Bryant v. Jackson*, No. 13-2823 (JBS/AMD), 2014 WL 4211243, at *2 (D.N.J. Aug. 25, 2014) ("Here, Plaintiff's Complaint requests $125,000 in 'compensatory and punitive damages' for injuries resulting from the use of excessive force … [however], Plaintiff has not identified any actual expenses he has incurred … and he provides no documentary or testimonial evidence to explain the extent of his injuries or how he computed damages in this case … [therefore] Plaintiff's request is not for a 'sum certain.'"); *Carter v. Macon Manor NRC, LLC*, 2007 WL 961419, at *1 (M.D. Ga. Mar. 27, 2007) (denying default as "the affidavit provided simply alleges the amount of damages without supporting the amount specifically…").

Here, both the Complaint and the affidavit submitted in support of default judgment provide only the general allegation of the amount of $233,385.18 plus interest and costs without any further explanation, calculation, or evidence. Facially,

5

Plaintiff does not establish a sum certain as the request for interest and cost are undefined.  Further, even if Plaintiff provided cost and interest amounts, the request for default judgment fails to demonstrate that Plaintiff is entitled to $233,385.18 in damages as there is nothing in the record, beyond conclusory statements, to explain how Plaintiff reached this number.  At the very least, Plaintiff must present documentary evidence, such as invoices and ledgers, or testimonial evidence to explain how it computed damages in this case.

The Court will grant Plaintiff leave to file a motion for default judgment under Rule 55(b)(2).  Such a motion shall include (1) an accompanying affidavit (or other documentary evidence) justifying Plaintiff's claim of $233,385.18 plus interest and costs, (2) precise numbers for said interest and costs, and (3) an explanation as to how the damages, costs, and interest are calculated.

**THEREFORE,**

IT IS on this 26th day of January, 2022 hereby

**ORDERED** that Plaintiff's request to the Clerk for default judgment under Fed. R. Civ. P. 55(b)(1) be, and the same hereby is, DENIED; and it is further

**ORDERED** that Plaintiff may re-file the request as a motion under Fed. R. Civ. P. 55(b)(2), with accompanying documents or affidavit testimony explaining the evidence of damages, totals

6

of costs and interest, and the means of calculation by which these various figures were reached.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |