### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____

GENTILE CONCRETE, INC.

    Plaintiff,

  v.

L&L REDI-MIX, INC.

    Defendant.

_____

1:21-cv-20515-NLH-MJS

**OPINION**

**APPEARANCES**:

JOSEPH SINE and ANTHONY L. BYLER
COHEN SEGLIAS PALLAS GREENHALL & FURMAN, PC
1600 MARKET STREET
32nd FLOOR
PHILADELPHIA, PA 19103

  *Attorneys for Plaintiff Gentile Concrete Co. Inc.*

GREGORY W. BOYLE
RONAN, TUZZIO & GIANNONE ESQS.
ONE HOVCHILD PLAZA
4000 ROUTE 66
TINTON FALLS, NJ 07753

  *Attorneys for Defendant L&L Redi-Mix, Inc.*

**HILLMAN**, **District Judge**

  This matter comes before the Court on Defendant, L&L Redi-Mix, Inc.'s ("L&L" or Defendant) motion to vacate default [Docket No. 10] and Plaintiff, Gentile Concrete Co. Inc.'s ("Gentile" or Plaintiff) cross-motion for default judgment [Docket No. 16].

## I.   <u>FACTUAL BACKGROUND</u>

On or about March 23, 2021, Gentile entered into a subcontract with a general contractor to provide the labor, materials, equipment, and services necessary to perform concrete work for a construction project known generally as the West Electrical Plant Auxiliary Building Project ("the Project") at Princeton University.

On or about June 16, 2021, Gentile and L&L entered into an agreement pursuant to which L&L agreed to supply ready-mix concrete to Gentile for the Project.  Under the agreement, L&L agreed to supply concrete that would meet a strength test of 4500 PSI.[1]  L&L supplied ready mix concrete to Gentile throughout June and July of 2021.  Gentile alleges that following L&L's delivery of the concrete, compressive strength testing was performed by other parties which showed that the concrete failed to meet the required strength of 4500 PSI.  L&L denies the allegation that the concrete it supplied was deficient.

On July 29, 2021, Gentile sent a notice to L&L stating that the concrete supplied had failed to meet the compressive strength requirements and demanded that L&L notify its insurance carrier of Gentile's claim.  During the month of August 2021, Gentile alleges that it incurred costs of $233,385.18 in its

---

[1] "PSI", abbreviation: pounds per square inch.

removal and replacement of the concrete supplied by L&L.  On October 1, 2021, Gentile demanded that L&L pay these costs. Gentile alleges that L&L has not paid any of these costs, an assertion that L&L denies.

## II.  __PROCEDURAL HISTORY__

Plaintiff filed a complaint against Defendant on December 15, 2021, for breach of contract, breach of express warranty, and breach of implied warranty, alleging that Defendant failed to provide ready-mix concrete that met the requirements for the Project.  (Compl., Docket No. 1).  On December 29, 2021, Plaintiff filed an affidavit of service, affirming that a copy of the Complaint and Summons had been served on Defendant on December 17, 2021.  (Aff. of Service, Docket No. 6).

Defendant failed to answer or otherwise respond to the Complaint by January 7, 2021, within twenty-one days as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i).  Thus, on January 11, 2022, four days after the deadline for Defendant's response had passed, Plaintiff filed a request for default under Federal Rule of Civil Procedure 55(a).  (Req. for Default, Docket No. 7).

On January 12, 2022, the Clerk of the Court docketed an entry of default pursuant to Plaintiff's request.  On January 17, 2022, Plaintiff filed a request for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1).  (Req. for

Default J., Docket No. 8).  On January 21, 2022, Defendant's
counsel entered a Notice of Appearance.  (Notice of Appearance,
Docket No. 9).

On January 26, 2022, Defendant filed the instant motion to
vacate the entry of default.  (Mot. to Vacate Default, Docket
No. 10).  On the same day, the Court issued an Opinion and Order
denying Plaintiff's 55(b)(1) application to the Clerk finding
that the damages alleged were not for a sum certain.  (Op. &
Order Den. Pl's Req. for Default J., Docket No. 11).  On
February 3, 2022, Plaintiff simultaneously filed an opposition
to Defendant's motion to vacate default and a cross-motion for
default judgment.  (Br. in Opp'n, Docket No. 15; Cross Mot. for
Default J., Docket No. 16).  On February 7, 2022, Defendant
filed its reply brief to Plaintiff's opposition to Defendant's
motion to vacate default and an opposition brief to Plaintiff's
cross-motion for default judgment.  (Def.'s Reply Br., Docket
No. 17).  Plaintiff filed a reply brief on the cross-motion on
February 22, 2022.  (Pl.'s Br. in Supp., Docket No. 22).

### III.  <u>JURISDICTION</u>

This Court exercises jurisdiction over Plaintiff's claims
pursuant to 28 U.S.C. § 1332 based on diversity of citizenship
and an amount in controversy in excess of $75,000.  In this
action, Plaintiff is a Pennsylvania corporation with its
principal place of business in Langhorne, Pennsylvania.  L&L is

4

a New Jersey corporation with its principal place of business in Southampton, New Jersey.  Furthermore, Plaintiff has alleged that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV.   <u>LEGAL STANDARD</u>

Entry of default and default judgment are governed by Federal Rule of Civil Procedure 55 which states, in relevant part, as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. (55)(a).  Only after default is entered pursuant to Rule 55(a), may the plaintiff seek the court's entry of default judgment by the Clerk under Rule 55(b)(1) or by the Court under Rule 55(b)(2).  <u>Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.</u>, 175 F. App'x 519, 521, n.1 (3d Cir. 2006) (citing 10A Charles Alan Wright, Arthur Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2682 at 13 (3d ed. 1998)).

When default has been entered and before default judgment has been entered, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  "A decision to set aside an entry of default ... 'is left primarily to the discretion of the district court.'" <u>Bailey v. United Airlines</u>,

279 F.3d 194, 204 (3d Cir. 2002) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984)).

The same standard is used when determining whether to enter default judgment under Rule 55(b) or set aside an entry of default under Rule 55(c). Patel v. MetaSense, Inc., No. 15-004 (NLH/JS), 2016 U.S. Dist. LEXIS 13929, at *5 (D.N.J. Feb. 5, 2016) (citing Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)). In either situation, the Court must consider three factors: (1) whether the plaintiff will be prejudiced by a vacatur of default, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's culpable conduct led to the entry of default.[2] Tormasi v. Lanigan, 363 F. Supp. 3d 525, 532 (D.N.J. 2019) (citing Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir. 1982)). Furthermore, while weighing each factor the Court must also consider that the Third Circuit does not favor defaults, and that in a close case, doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits. Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982).

---

[2] Some district courts within the Third Circuit apply a fourth factor when determining whether to set aside an entry of default: whether effective alternative sanctions are available. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987). This factor, however, is applied when a defendant is moving to set aside both an entry of default and open a default judgment. As default judgment has not yet been granted, this factor is irrelevant to the instant analysis.

## V.  ANALYSIS

A. Vacatur of Default

To determine whether good cause exists to set aside the entry of default against Defendant, the Court will address each of the three aforementioned factors, remaining mindful of the Third Circuit's preference that cases are heard on the merits.

**1. Whether Gentile Will Be Prejudiced by a Vacatur of Default**

To determine whether a plaintiff will be prejudiced by setting aside a default, the Court must determine whether circumstances have changed in a way that has materially impaired the plaintiff's ability to pursue its claim or whether relevant evidence has become lost or unavailable since the entry of the default.  Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984).  Prejudice can also be shown through the destruction of evidence by the defaulting party, increased potential for fraud and collusion, or substantial reliance upon the entry of default by the non-defaulting party.  Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 524 (3d Cir. 2006).

Gentile's sole claim of prejudice from vacatur is predicated on the theory that L&L is "attempting to dissipate all of its assets."  In short, Gentile avers this alleged dissipation of assets will prevent Gentile from recovering a judgment against L&L.  (Br. in Opp'n at 8-9, Docket No. 15).  In

contrast, Defendant emphasizes Gentile will not be prejudiced by vacatur of default.  L&L provides the Court with a sworn certification that L&L has retained sufficient assets to satisfy the alleged damages, thus directly contradicting Gentile's averment of prejudice.  (Def.'s Reply Br. at 4, Docket No. 17; Def.'s Party Certification, Docket No. 17-1).

Upon this record, the Court agrees with L&L.  Plaintiff provides neither binding authority nor compelling evidence to support its allegation of prejudice by asset dissipation. Moreover, Plaintiff has not demonstrated a substantial hindrance to its ability to pursue litigation, unavailability of evidence since the entry of default, nor substantial reliance upon the default that would cause it to suffer significant prejudice. Accordingly, the first factor weighs strongly in favor of setting aside the entry of default.

## 2. Whether L&L has a Meritorious Defense

The next inquiry in the Court's good cause analysis for vacatur considers whether L&L presents a meritorious defense. The Third Circuit holds that a meritorious defense presumptively established when "the allegations of the Defendant's answer, if proven at trial, will constitute a complete defense to the action."  Hritz, 732 F.2d at 1181 (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)). Furthermore, a defendant need not establish that his proffered

defense will be proven at trial, rather a showing that the proffered defense is not "facially unmeritorious" is sufficient. Emcasco Ins. Co., 834 F.2d at 74 (citing Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 123 (3d Cir. 1987)).

The instant dispute concerns claims of breach of contract, breach of express warranty, and breach of implied warranty of fitness for a particular purpose. All claims derive from Plaintiff's claims that L&L failed to provide concrete that met specific requirements for the Project. In response, L&L asserts two separate defenses: (1) all concrete provided by Defendant to Plaintiff complied with the specifications of the project, and (2) all concrete provided by Defendant to Plaintiff was tested by several third parties and approved by Plaintiff such that it met the project's specifications to Plaintiff's satisfaction.[3] (Mot. to Vacate Default at 5, Docket No. 10).

The Court does not find either defense to be facially unmeritorious. L&L goes beyond mere conclusory denials of allegations by alleging facts that if proven at trial would bar Plaintiff's claims. Although Defendant does not bear the ultimate burden of proof at trial, if L&L proved at trial that the concrete it supplied to Plaintiff met the specifications

---

[3] Defendant additionally proffers thirty-eight separate affirmative defenses in its proposed answer. (Mot. to Vacate Default at 26-32, Docket No. 10-7).

detailed in the parties' agreement, Plaintiff would not be able to recover from Defendant.  Therefore, under the guidelines set forth by the Third Circuit, Defendant has proffered a defense which is not facially unmeritorious.

At this early stage of litigation, there has been no determination of fact, nor any opportunity to evaluate the strength of the evidence presented by either party.  The Court finds Plaintiff's arguments challenging the ultimate substantive merits of Defendant's proffered defenses to be premature at this stage of litigation.  Furthermore, considering the strong inclination of the Third Circuit disfavoring resolution through default, Plaintiff's arguments would be more appropriately presented for consideration on their merits with a more fully developed record.  Therefore, the Court finds that Defendant has proffered a meritorious defense.  This second factor also weighs in favor of vacatur.

### 3. Whether L&L's Culpable Misconduct Led to the Entry of Default

The final factor in the Court's good cause analysis considers L&L's culpability for the default.  As a general rule, material bad faith conduct by a defendant subsequent to the entry of default can, if sufficiently egregious, provide the basis for refusing to set aside a default.  Farnese, 687 F.2d at 765.  Material bad faith conduct can include conduct that is

clearly willful or part of a deliberate trial strategy.  De Bueno v. Castro, 822 F.2d 416, 420 (3d Cir. 1987).  However, a "breakdown" in communication among a defendant's representatives such as a failure to communicate timely between counsel and local counsel, is not evidence of willfulness or bad faith.  Gross, 700 F.2d at 124.

Plaintiff argues this factor is present because L&L and its insurance carrier were notified of Plaintiff's potential claim as early as July 2021 (five months before the Complaint was filed), thus, Defendant has no excuse for failing to timely answer or otherwise respond to the Complaint.  (Br. in Opp'n at 14, Docket No. 15).  Nonetheless, even taking these claims as true, Plaintiff does not demonstrate that Defendant ignored the Complaint willfully, in bad faith, or as part of a deliberate trial strategy.  Instead, Plaintiff alleges that Defendant should have known that a lawsuit would be filed against it, and that Defendant and its insurance carrier should have been prepared to engage in litigation.  The Court rejects Plaintiff's conclusion that Defendant's allegedly negligent conduct somehow rises to the high standard of willful bad faith.  There is simply nothing in the record to indicate that Defendant's fourteen-day delay in responding to the Complaint was an intentional litigation strategy.  Therefore, in the absence of any evidence of Defendant's culpable misconduct, the Court finds

this final factor likewise supports Defendant's motion to vacate default.

As all three factors weigh heavily in Defendant's favor, the Court shall vacate the Clerk's entry of default against Defendant and allow the case to proceed on the merits.

B. Entry of Default Judgment

It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). As the Clerk's entry of default has been set aside, Plaintiff's cross-motion for default judgment shall be denied as moot.

## VI.   CONCLUSION

Based on the foregoing analysis, Defendant's Motion to Vacate Default will be granted, and Plaintiff's Cross-Motion for Default Judgment will be denied.

An appropriate Order will be entered.


Date: July 14, 2022          s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.